UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

THOMAS FLANAGAN, RUSSELL THOMPSON, SARAH
MOFFATT, KYLE GRANT and CHRISTINE
FLANGAN,

                             *Plaintiffs*,

    -against-

GIRL SCOUTS OF SUFFOLK COUNTY, INC.,
PAMELA MASTROTA, EMILY BROWN, TAMMY
SEVERINO, DONNA SMELAND, JACQUELINE
GORDON, DAWN LOTT, SARAH MCCANDLESS,
BRANDY SCOTT and JENNIFER FRIEDMAN,

                             *Defendants*.

---------------------------------------X

**MEMORANDUM AND ORDER
ADOPTING REPORT &
RECOMMENDATION AS
MODIFIED**
21-cv-7153 (KAM)(ARL)

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiffs Thomas Flanagan, Russell Thompson, Sarah Moffatt,
Kyle Grant, and Christine Flanagan (collectively, "Plaintiffs"),
bring this action against Defendants Girl Scouts of Suffolk County,
Inc. ("GSSC"), Pamela Mastrota, Emily Brown, Tammy Severino, Donna
Smeland, Jacqueline Gordon, Dawn Lott, Sarah McCandless, Brandy
Scott and Jennifer Friedman (collectively "Defendants"), alleging
violations of the National Labor Relations Act ("NLRA"), the New
York State Labor Law ("NYLL"), the New York State Not-For-Profit
Corp. Law ("N-PCL"), 42 U.S.C. § 1981 ("Section 1981"), the New
York State Human Rights Law ("NYSHRL"), the Federal False Claims
Act ("FCA") and the New York State False Claims Act ("NY FCA").

Defendants GSSC, Severino, Smeland, Gordon, Lott, McCandless, Scott, and Friedman (the "Girl Scout Defendants") and Defendants Mastrota and Brown (the "Former Officer Defendants") filed a motion to dismiss the Amended Complaint (ECF No. 21 ("Am. Compl.")) under Fed. R. Civ. P. 12.  On April 6, 2023, the Court referred both motions to Magistrate Judge Arlene R. Lindsay for a report and recommendation ("R&R").  (*See* 04/06/23 Dkt. Order.)

Before the Court are: (1) Magistrate Judge Lindsay's R&R (ECF No. 45 ("R&R")), dated August 25, 2023, recommending that both motions to dismiss be granted but granting Plaintiffs leave to amend their NYSHRL and Section 1981 discrimination claims; (2) the parties' objections to the R&R; and (3) the parties' respective responses to those objections.  For the reasons stated below, the Court adopts Magistrate Judge Lindsay's thorough, meticulous and well-reasoned R&R in large part, with modifications as set forth below.

## BACKGROUND AND FACTS

The Court assumes the parties' familiarity with the extensive facts thoroughly recounted in the R&R.  (*See generally* R&R.)  For present purposes, the Court discusses only the procedural background and facts as necessary to address the parties' objections.

## LEGAL STANDARD

When a party objects to an R&R, the Court must review *de novo* those recommendations in the R&R to which the party objects.  *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  Where a party does not object to a portion of the R&R, the Court "'need only satisfy itself that there is no clear error on the face of the record.'"  *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, No. 00-cv-8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)).  The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal."  *Green v. Dep't of Educ. of City of N.Y.*, No. 18-CV-10817 (AT)(GWG), 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)); *Barratt v. Joie*, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) ("Parties filing objections to recommendations are required to 'pinpoint specific portions of the report and recommendations to which [they] objec[t]. . . .'" (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).  If "the [objecting] party makes only frivolous, conclusory or general

3

objections, or simply reiterates [the party's] original arguments, the Court reviews the report and recommendation only for clear error." *Velez v. DNF Assocs.*, LLC, No. 19-CV-11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (quoting *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014)); *see also Colliton v. Donnelly*, No. 07-CV-1922 (LAK), 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), *aff'd*, 399 F. App'x 619 (2d Cir. 2010) (summary order).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted).

## DISCUSSION

The Court addresses each of the asserted claims and objections in turn.

### I.  Count One – NLRA Claim

Plaintiffs object that the R&R erred by not explicitly considering the exceptions to the *Garmon* rule that the NLRB possesses exclusive jurisdiction to consider claims based on Sections 7 or 8 of the NLRA. (ECF No. 49 ("Pls. Objs.") at 7-8); *see also San Diego Bldg Trades Counsel v. Garmon*, 359 U.S. 236,

4

242-45 (1959).  On *de novo* review, the Court finds Plaintiffs'
objection unavailing, and adopts the R&R's recommendation that the
NLRA claim be dismissed without leave to amend.

Not only do Plaintiffs expressly assert an NLRA claim, but
their allegations make clear that their asserted activity is
"arguably subject to Section 7 or Section 8 of NLRA." Accordingly,
"the States as well as the federal courts must defer to the
exclusive competence of the National Labor Relations Board if the
danger of state interference with national policy is to be
averted." *Figueroa-Torres v. Kleiner*, No. 20-cv-4851 (KPF), 2022
WL 768483, at *6 (S.D.N.Y. Mar. 14, 2022) (citing *Garmon*, 359 U.S.
236 (1959) (cleaned up)).

The Amended Complaint asserts in part that Defendants
"engaged in unfair labor practices," "terminat[ed] Plaintiffs in
retaliation for engaging in protected, concerted activity," and
that Plaintiffs were "subjected to differential treatment . . .
based on their collective participation in a protected activity."
(Am. Compl. ¶¶ 170, 174.)  These allegations specifically track
the language set forth in Section 7 and 8 of the NLRA.  Plaintiffs'
NLRA claim is therefore "identical to one that the aggrieved party
could bring . . . before the NLRB," *Kleiner*, 2022 WL 768483, at
*6, especially considering that Plaintiffs *explicitly assert* an
NLRA claim.  A standalone NLRA claim would obviously not touch on

interests "deeply rooted in local feeling and responsibility" that would make preemption inappropriate.

As Plaintiffs' independent NLRA claim therefore does not survive — nor even necessarily require — a *Garmon* preemption analysis, the Court must then determine whether the claim is collateral to another claim independently within the federal court's jurisdiction. *See Husain v. Smarte Carte Inc.,* No. 10-CV-1844 (KAM)(RML), 2011 WL 1642591, at *2 n.1 (E.D.N.Y. May 2, 2011) ("Federal courts may retain jurisdiction, however, when an employee's NRLA claim is necessary to the resolution of a claim that is independently within the court's jurisdiction, such as a plaintiff's duty of fair representation claim against a union.").

In their memorandum opposing Defendants' motions to dismiss, (ECF No. 23 ("Pls. Opp.") at 12), Plaintiffs argued that the Court has jurisdiction over their NLRA claim because Plaintiffs are "[a]sserting other federal causes of action in addition to a Cause of Action for violating the NLRA" — namely, Section 1981 and FCA claims — which therefore "provides this Court with federal questions over which this Court has original jurisdiction." *Id.* The Court does not have jurisdiction, however, over an NLRA claim simply because a plaintiff asserts some other federal claim, as is the case here. Nowhere in Plaintiffs' Amended Complaint, their opposition, or their objections do Plaintiffs explain how their alleged NLRA claim is *collateral* to their Section 1981 and FCA

-

claims — Plaintiffs simply rely on the fact that they have asserted these additional claims at all.  Accordingly, the Court finds that it does not have jurisdiction over Plaintiffs' explicit NLRA claim and dismisses Count One without prejudice per FRCP 12(b)(1), and without leave to amend.  *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("Dismissals for lack of subject matter jurisdiction "must be without prejudice, rather than with prejudice.").  As the Court does not have subject matter jurisdiction over this claim, any amendment would be futile.  *See Husain*, 2011 WL 1642591, at *4 (dismissing plaintiff's NLRA claim without leave to amend after finding that the court did not have subject matter jurisdiction over the claim).

## II.   Count Two: New York Labor Law ("NYLL") § 215

Plaintiffs object to the R&R's recommendation that their NYLL § 215 retaliation claim be dismissed "for failure to allege a violation of NYLL and a failure to allege a causal connection between the protected activity and an adverse employment action." (Pls. Objs. at 11; *see also* R&R at 18.)  On *de novo* review, the Court finds Plaintiffs' objection unavailing and dismisses Plaintiffs' NYLL § 215 claim with prejudice and without leave to amend.

Plaintiffs argue that their Amended Complaint "was replete with facts and paragraphs that, contrary to the R&R support the Plaintiffs' claim under NYLL 215." (Pls. Objs. at 12.)  To assert

7

a violation of Section 215, Plaintiffs must make allegations about Defendants' conduct that could be reasonably construed as violative of a substantive provision of the NYLL. Plaintiffs, however, fail to do so. Section 215 specifically prohibits retaliation for complaints made by an employee about an employer's violations of "this chapter, or any order issued by the commissioner." NYLL § 215. The referenced "chapter" is Chapter 31 of the Consolidated Laws of New York, in other words, the New York Labor Law. *Zhang v. Centene Mgmt. Co., LLC*, No. 21-CV-5313 (DG)(CLP), 2023 WL 2969309, at *12 (E.D.N.Y. Feb. 2, 2023). Therefore, to "support a claim of retaliatory discharge" pursuant to § 215, a plaintiff must allege that "she complained about a specific violation of the Labor Law" *within* the underlying employee complaint. *See, e.g., Epifani v. Johnson*, 65 A.D.3d 224, 235 (2d Dep't 2009).

It is true that "[a]n employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section." *Fox v. Starbucks Corp.,* No. 19-CV-4650 (AJN), 2021 WL 4155029, at *8 (S.D.N.Y. Sept. 13, 2021). This principle applies to the *underlying* employee complaint or communication — that is, the underlying complaint may describe a defendant's conduct without explicitly identifying what NYLL provision was violated. This does not mean, however, that throughout litigation, a

8

plaintiff's § 215 claim can survive without a connection to some separate, identifiable NYLL provision. *See, e.g., Epifani,* 65 A.D.3d at 225 ("A plaintiff must allege that he or she complained about a specific violation of the Labor Law to support a claim of retaliatory discharge pursuant to Labor Law § 215.").

Plaintiffs' continued failure to identify anywhere in the instant complaint or their submissions what underlying provision of NYLL they believed Defendants' conduct violated (and would, therefore, be the basis for Plaintiffs' § 215 claim) suggests that Plaintiffs misunderstand § 215's requirements. *Zhang*, 2023 WL 2969309, at *13 (finding that the plaintiff "has not alleged that defendant's conduct was in violation of the New York Labor Law" and only "alleged conduct that she believes violated [statutory provisions] not within" the NYLL); *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 100 (S.D.N.Y. 2020) ("The complaint does not allege that Delaney made a complaint about a violation of the New York Labor Laws or an order of the Commissioner of Labor."); *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013) (collecting cases); *Nicholls v. Brookdale Univ. Hosp. Med. Ctr.,* No. 03-CV-6233 (JBW), 2004 WL 1533831, at *5 (E.D.N.Y. July 9, 2004) ("[P]laintiff has not pleaded with a level of specificity sufficient to support a cause of action. *The court cannot determine what alleged violation of New York's Labor Law triggered plaintiff's claim under section 215.*") (emphasis added).

9

Here, Plaintiffs have not sufficiently alleged facts regarding what protected activity they engaged in, that their protected activity was known to Defendants, and that Plaintiffs suffered an adverse employment action with a causal connection to their protected activity. *Cortese v. Skanska Koch, Inc.*, 544 F. Supp. 3d 456, 470 (S.D.N.Y. 2021) (quoting *Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010)).

Moreover, Plaintiffs' opposition to Defendants' motions to dismiss their § 215 claim failed to sufficiently illuminate Plaintiffs' basis for believing Defendants violated the NYLL (*see* Pls. Opp. at 21), nor have Plaintiffs sufficiently alleged or argued the existence of a causal connection between their protected activity and an adverse employment action.

Accordingly, because Plaintiffs failed to address the insufficiency of facts regarding the causation element, the Court adopts the R&R's dismissal of Plaintiffs' § 215 claim for failure to allege a violation of NYLL and a causal connection between the protected activity and an adverse employment action. The Court denies leave to amend the § 215 claim, given that Plaintiffs have twice failed to plead sufficient facts to state this claim in their Complaint and their Amended Complaint and did not address the causation deficiency in their opposition to the motions to dismiss.

10

## III.   Count Three: New York Not-for-Profit Corporation Law ("N-PCL") § 715-b

Plaintiffs object to the R&R's recommendation that their N-PCL Section 715-b claim be dismissed with prejudice.  Although the Court does not adopt the R&R's specific basis for dismissing this claim, the Court dismisses this claim with prejudice on other grounds.

In Plaintiffs' opposition memorandum, they argued that Defendants' contention is that a Section 715-b "private right of action exists only where an entity does not have or complies with their Whistle Blower policy." (Pls. Opp. at 23.)  This is not the issue here.  Girl Scouts Defendants specifically acknowledged in their reply that "*Joshi* states that a private right of action exists."  (ECF No. 33 ("GSSC Defs. Reply") at 10); *Joshi v. Trustees of Columbia Univ. in City of New York*, 515 F. Supp. 3d 200 (S.D.N.Y. 2021), *aff'd,* No. 21-418, 2022 WL 3205883 (2d Cir. Aug. 9, 2022).  Plaintiffs' reliance on *Joshi* is misplaced.

In *Joshi*, the court granted summary judgment dismissing a plaintiff's Section 715-b claim because the record demonstrated that "the defendants complied with the statute," specifically, that the defendants "did have the relevant policies to protect whistleblowers and diligently implemented and adhered to those policies." *Joshi*, 515 F. Supp. at 224.  What § 715-b mandates and *Joshi* reiterates is that a covered entity must "adopt, and oversee

11

the implementation of, and compliance with, a whistleblower policy." N-PCL § 715-b. Here, the Court need not permit this claim to proceed because Plaintiffs readily admit that GSSC had a Whistleblower policy in place, and their allegations make clear that Defendants followed those policies.

Plaintiffs allege that their July 2020 letter to the Board of Defendant GSSC was "drafted and delivered . . . under the protection and promise of the Girl Scouts Whistle Blower policy." (Am. Compl. ¶ 40; *see also* Pls. Opp. at 23.) Plaintiffs further allege that they "relied upon the GSSC Employee Handbooks' WhistleBlower policy as guidance and protection," and cite multiple excerpts from the policy. (Am. Compl. ¶ 100; *see also id.* ¶ 101.) Plaintiffs further allege that, two days after their July 2020 letter was submitted to the Board, they received correspondence from Defendant Smeland "notifying Plaintiffs that GSSC appointed the law firm of Guercio & Guercio, LLP to serve as independent investigators of [Plaintiffs'] Complaints." (*Id.* ¶ 104.) Plaintiffs proceed to describe their individual interviews with the investigators, as well as various document requests from the investigators. (*Id.* ¶¶ 107, 110-11.) Plaintiffs' allegations also describe a November 2020 meeting with Defendant Smeland and the Executive Committee Defendants "to discuss the Whistleblower grievances." (*Id.* ¶¶ 117-20.)

12

Accordingly, Plaintiffs' argument that they have stated a claim under § 715-b because that provision provides a private right of action is misplaced, regardless of whether such a private right of action exists (and even assuming *arguendo* under *Joshi* that one does). Instead, Plaintiffs fail to state a § 715-b claim because their allegations demonstrate that Defendant GSSC had a Whistleblower policy in place and that the policy was adhered to, even if Plaintiffs were ultimately dissatisfied with the outcome of the GSSC whistleblower investigation. *See Joshi v. Trustees of Columbia Univ. in City of New York*, No. 21-418, 2022 WL 3205883, at *2 (2d Cir. Aug. 9, 2022) ("Columbia has shown that it conducted a thorough investigation of Joshi's allegation of [] misconduct, offered to protect him against retaliation, and then investigated his claims that he was the subject of retaliation."). Plaintiffs' N-PCL § 715-b claim is therefore dismissed with prejudice and without leave to amend, as the Court finds amendment would be futile. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

## IV. Count IV: N-PCL § 720-a

Plaintiffs object to the R&R's recommendation that their N-PCL § 720-a claim be dismissed with prejudice. (Pls. Objs. at 18.) Plaintiffs argue that they can assert a private right of

13

action under Section 720-a because Defendants' alleged conduct "constituted gross negligence or was intended to cause the resulting harm to the person asserting such liability." (Pls. Objs. at 20); *see also* N-PCL § 720-a.  Plaintiffs' objection is overruled.

The carve-out language above that Plaintiffs rely on does not mean that allegations constituting gross negligence or an intentional tort would thereby create a private right of action under § 720-a.  The carve-out language only means that a defendant director or officer seeking to invoke the qualified immunity that § 720-a provides could not do so against allegations that their conduct constituted gross negligence or an intentional tort.  *See Meeker v. McLaughlin*, No. 17-CV-5673 (SN), 2018 WL 3410014, at *12 (S.D.N.Y. July 13, 2018) ("[Section 720-a] does not create a private right of action but rather immunizes certain non-profit directors and officers for conduct in their official capacity, unless such conduct constitutes gross negligence or an intentional tort."); *see also Kamchi v. Weissman*, 1.N.Y.S.3d 169 (2d Dep't 2014) (in assessing a defendant's motion to dismiss "premised on the qualified immunity conferred," noting that § 720-a "confers a qualified immunity on uncompensated directors, officers, and trustees of certain not-for-profit corporations") (internal quotation marks and citations omitted).  Plaintiffs notably do not cite, and the Court has not located, a single case holding that if

14

a court were to find that allegations constituted gross negligence or an intentional tort, a plaintiff would then be able to wield this provision affirmatively as a cause of action.

**V.   Counts Five and Six: 42 U.S.C. Section 1981; NYSHRL § 296**

A. Section 1981 and NYSHRL Discrimination Claims

Both sets of Defendants object to the R&R's recommendation that Plaintiffs be granted one final opportunity to replead their Section 1981 and NYSHRL discrimination claims.  (ECF No. 47 ("GSSC Defs. Objs.") at 4-9; ECF No. 48 ("Former Officer Defs. Objs.") at 7."[1])  When "a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).  The Court acknowledges Defendants' arguments, has considered the thoroughness of the R&R's analysis of Plaintiffs' Section 1981 and NYSHRL claims and notes that Plaintiffs have previously had an opportunity to amend. Nonetheless, the Court finds it would be appropriate to grant Plaintiffs leave to amend their 42 U.S.C. § 1981 and NYSHRL § 296 discrimination claims against Defendants GSSC, Mastrota, and Brown one final time, as the Court gleans from the insufficient facts in the Amended Complaint that there is a reasonable possibility that Plaintiffs' claims could be saved by a final amendment. *See, e.g., Pinyuk v. CBE Grp., Inc.*, No. 17-cv-5753 (RRM)(CLP), 2019 WL

---

[1] Pin citations to ECF No. 48 refer to the pagination assigned by the Court's ECF/CMF system, as Former Officer Defendants did not paginate their objections.

1900985, at *2 (E.D.N.Y. Apr. 29, 2019) ("Rule 15 expresses a strong presumption in favor of allowing amendment.").

B. <u>NYSHRL Retaliation Claim</u>

As to Plaintiffs' NYSHRL retaliation claim, on *de novo* review the Court agrees with Magistrate Judge Lindsay that Plaintiffs failed to address or oppose the Girl Scout Defendants' motion to dismiss the NYSHRL retaliation claim on the ground that Plaintiffs failed to allege facts establishing a causal connection between their alleged protected activity and the adverse employment action. (GSSC Defs. Mem. at 22-23; R&R at 30-31; *see also* ECF No. 39 ("Former Officer Defs. Mem.") at 9-10.) Plaintiffs' NYSHRL retaliation claim is dismissed with prejudice because Plaintiffs failed to allege sufficient facts and have abandoned the claim by failing to oppose Defendants' motions to dismiss the claim. *See, e.g., Lipton v. Cnty. of Orange, NY,* 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("[The] Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); *see also W. Bulk Carriers KS v. Centauri Shipping Ltd.,* No. 11-cv-5952 (RJS), 2013 WL 1385212, at *3 n.4 (S.D.N.Y. Mar. 11, 2013) (same) (collecting cases).

C. Section 1981 Retaliation Claim; Hostile Work Environment
   Claims

As to Plaintiffs' purported Section 1981 retaliation and
hostile work environment claims, the R&R recommended against
dismissal because the Girl Scout Defendants' motion "fails to
address pleading deficiencies" in both claims. (R&R at 21 n.3,
29.) The R&R also determined that Plaintiffs' purported hostile
work environment claim under the NYSHRL should remain because
"Defendants have not moved to dismiss [the] claim." (R&R at 31.)
Defendants objected to this determination partly on the grounds
that, based on the Amended Complaint, they did not have sufficient
notice that Plaintiffs were asserting these claims. (GSSC Defs.
Objs. at 11-12; Former Officer Defs. Objs. at 9-11.)

On *de novo* review, the Court finds that, even assuming
*arguendo* that Plaintiffs asserted these claims, they should be
dismissed with prejudice and without leave to amend.

### i.   *Section 1981 Retaliation Claim*

As to Plaintiffs' purported Section 1981 retaliation claim,
the Court finds on *de novo* review that Plaintiffs have not and
cannot set forth a "causal connection between the protected
activity and the adverse employment action," as required to state
this claim. *Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-CV-
10256-GHW, 2020 WL 6274826, at *30 (S.D.N.Y. Oct. 24, 2020) (citing
*Shultz v. Congregation Shearith Israel of City of N.Y.*, 867 F.3d

17

298, 309 (2d Cir. 2017) (citation omitted)).   Specifically, Plaintiffs' allegations make clear that they were not terminated until June 22, 2021, almost a year after sending their July 2020 letter to the GSSC Board and Executive Committee, the purported protected activity.   (Am. Compl. ¶¶ 40, 201.)   It is well-settled that "the passage of too much time between the protected activity and the adverse employment activity negates any inference that the latter was in retaliation for the former."   *See Williams v. City of New York*, No. 11-cv-9679 (CM), 2012 WL 3245448, at *11 (S.D.N.Y. Aug. 8, 2012); *De Figueroa v. New York*, 403 F. Supp. 3d 133, 157 (E.D.N.Y. 2019) (noting that "most courts in the Second Circuit have held that a lapse of time beyond two or three months will break the causal inference").   Moreover, in March 2021, Plaintiffs *themselves* requested that they were "seek[ing] to negotiate their separation from" GSSC.   (ECF No. 31-3 at 2-3 (Plaintiffs stating they were "seek[ing] an amicable separation").[2])   The Amended Complaint makes clear that Plaintiffs and GSSC discussed Plaintiffs' separation and proposed settlement offer multiple times and over the course of several months.   (Am. Compl. ¶¶ 132,

---

[2] Girl Scout Defendants properly attached Plaintiffs' March 2021 letter to their motion to dismiss. (ECF No. 31-3.)  The Court finds that this letter is properly incorporated into, and integral to, the Amended Complaint via reference by Plaintiff (Am. Compl. ¶ 132), and thus, the Court may consider it when deciding the instant motions to dismiss.  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-31 (2d Cir. 2016) (holding that courts may consider on a motion to dismiss "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference" and other documents "integral" to the complaint).

136-37.)  Accordingly, Plaintiffs' Section 1981 retaliation claim is dismissed for failure to state a claim, with prejudice and without leave to amend, as such amendment would be futile for the reasons set forth herein.  *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

  ii.  *Section 1981 and NYSHRL Hostile Work Environment Claims*

  To establish a hostile work environment claim under either Section 1981 or the NYSHRL, "a plaintiff must allege facts plausibly demonstrating that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment.'"  *Morren v. New York Univ., UCATS Local 3882,* No. 20-cv-10802 (JPO)(OTW), 2022 WL 1666918, at *17 (S.D.N.Y. Apr. 29, 2022) (citing *Littlejohn v. City of New York*, 795 F.3d 297, 320 (2d Cir. 2015)), *report and recommendation adopted,* No. 20-CV-10802 (JPO), 2022 WL 1665013 (S.D.N.Y. May 25, 2022).  Plaintiffs' allegations, individually or collectively, (*see, e.g.,* ECF No. 52 ("Pls. Resp.") at 10-11) do not "support a finding of hostile work environment that is so severe or pervasive as to have altered the conditions of [plaintiffs'] employment."  *See Littlejohn,* 795 F.3d at 321. Plaintiffs' hostile work environment claims under § 1981 and the

19

NYSHRL are accordingly dismissed with prejudice and without leave to amend.  The Court finds that any amendment would be futile, particularly as it appears from the face of the Amended Complaint that any underlying incidents were not "sufficiently continuous and concerted in order to be deemed pervasive." *Id.*  Further, "[h]ostile work environment claims are meant to protect individuals from abuse and trauma that is severe. They are not intended to promote or enforce civility, gentility or even decency." *Morren*, 2022 WL 1666918, at *17 (citation omitted).

**VI.   Count Seven: NYLL § 198**

Plaintiffs object to the R&R's recommendation that their NYLL § 198 claim be dismissed with prejudice, arguing that the R&R omitted certain allegations in the Amended Complaint. (Pls. Objs. at 26.)  On *de novo* review, the Court agrees with and adopts Magistrate Judge Lindsay's recommendation.  Plaintiffs rely heavily on their allegation that Defendant GSSC failed to pay Plaintiffs "their complete salaries for the pay cycle in which Plaintiffs were terminated, despite a pattern or practice of paying separated employees for the full ten (10) day pay cycle in which they worked when terminated."  (Am. Compl. ¶ 151.)  Nowhere in their papers do Plaintiffs assert they were not paid for days or time they *actually worked*.  At best, Plaintiffs allege they were terminated within a pay cycle and then were not paid for that complete cycle, despite an alleged "pattern or practice" or "GSSC's

20

history of treating people" of paying terminated employees for a complete pay cycle.   (Am. Compl. ¶¶ 151-52.)   Plaintiffs cite no authority warranting a finding that this vague circumstance states a viable claim under NYLL § 198, nor are there facts that could be alleged that would salvage Plaintiffs' claims to be paid for work they did not perform during their last pay period.   The Court accordingly adopts the R&R's recommendation that this claim be dismissed with prejudice without leave to amend.

**VII.   Count Eight: Whistleblower Acts**

Plaintiffs object to the R&R's finding that they have failed to state a retaliation claim under the Federal False Claims Act (the "FCA"), 31 U.S.C. §§ 3729 *et seq.*, and the New York False Claims Act (the "NYFCA"), N.Y. State Fin. Law §§ 187 *et seq*.   The R&R recommended that these claims be dismissed with prejudice and without leave to amend.   Plaintiffs' objections largely regurgitate allegations in the Amended Complaint without providing additional arguments or authority.

On *de novo* review, the Court adopts the R&R's well-reasoned findings and analysis dismissing with prejudice Plaintiffs' claims under the FCA and NYFCA.   Plaintiffs have not alleged sufficient facts to plausibly claim that the GSSC's CARES Act application contained false information.   Moreover, Plaintiffs have not alleged, nor does it appear they could allege, that their activities were directed at exposing or deterring fraud on the

21

government.   Further, the Court adopts the R&R's recommendation that, to the extent Plaintiffs intended to assert their FCA and NYFCA claims against any defendants besides Defendant GSSC, such claims are dismissed with prejudice.   Courts in this Circuit "have repeatedly held that there is no individual liability under the FCA and the New York FCA." *Krause v. Eihab Hum. Servs., Inc.,* No. 10-CV-898 (RJD)(SMG), 2015 WL 4645210, at *16 (E.D.N.Y. Aug. 4, 2015); *see also McKoy v. Uliss*, No. 17-CV-3398 (BMC), 2017 WL 2963456, at *2 (E.D.N.Y. July 11, 2017) (collecting cases).

## CONCLUSION

Based on the foregoing reasons and upon *de novo* review as necessary, the parties' objections are overruled, and the Court adopts Magistrate Judge Lindsay's thorough and well-reasoned recommendations as follows:

1. **GRANTING** Defendants' motion to dismiss Plaintiffs' NLRA claim for lack of subject matter jurisdiction, without prejudice, and without leave to amend;

2. **GRANTING** Defendants' motion to dismiss Plaintiffs' N-PCL claims with prejudice and without leave to amend;

3. **GRANTING** Defendants' motion to dismiss Plaintiffs' NYLL claims with prejudice and without leave to amend;

4. **GRANTING** Defendants' motion to dismiss Plaintiffs' Section 1981 and NYSHRL discrimination claims, **with** leave to amend.

5. **GRANTING** Defendants' motion to dismiss Plaintiffs' FCA and NYFCA claims with prejudice and without leave to amend.

The Court also makes the following modification to the R&R:

6. **DISMISSING** Plaintiffs' retaliation and hostile work environment claims under Section 1981 and NYSHRL, with prejudice and without leave to amend;

In light of this Memorandum & Order, Plaintiffs may file a Second Amended Complaint in compliance with this Memorandum & Order no later than Friday, October 13, 2023.

**SO ORDERED.**

DATED: September 28, 2023
   Brooklyn, New York

_____
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

23